UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED: 7/10/19

---

TRUSTEES FOR THE MASON TENDERS
DISTRICT COUNCIL WELFARE FUND,
PENSION FUND, ANNUITY FUND, and
TRAINING PROGRAM FUND, and JOHN J.
VIRGA, in his fiduciary capacity as Director,

and

ROBERT BONANZA, as Business Manager
of the MASON TENDERS DISRICT
COUNCIL OF GREATER NEW YORK,

Petitioners,

v.

CHAMPION ELECTRICAL
MECHANICAL BUILDER CORP.,

Respondent.

---

No. 19-CV-00879 (RA)

MEMORANDUM OPINION
& ORDER

RONNIE ABRAMS, United States District Judge:

Petitioners seek confirmation of an arbitration award entered against Respondent Champion Electrical Mechanical Builder Corporation ("Champion"). Respondent has not opposed the petition. For the following reasons, the petition is granted.

## BACKGROUND*

There are several petitioners in this action. First are the Trustees of the Mason Tenders District Council Welfare, Annuity, Pension and Training Program Funds (the "Funds"), a group of employee benefit plans subject to the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* Pet. ¶ 1. Second is John Virga, who serves as Director of the Funds. *See id.*

---

* These facts are drawn from the petition ("Pet.") and the exhibits submitted by Petitioners, *see* Dkt. 10.

Third is Robert Bonanza, who serves as Business Manager of the Mason Tenders District Council of New York (the "Union"), a labor organization that represents employees in industries involved in commerce within the meaning of section 501 of the Labor Management Relations Act, 29 U.S.C. § 142, and section 3(4) of ERISA, 29 U.S.C. § 1002(4). *See id.* ¶ 2. Respondent is a corporation located, and that does business, in New York that employed members of the Union. *See id.* ¶ 3, 5.

Beginning in 2013, Respondent entered into several agreements with the Funds. *See id.* ¶ 6. These agreements required Champion to make certain benefit payments to the Funds on behalf of its employees. *See id.* ¶ 7. The agreements also required Respondent to make its books and records available for audit by the Funds. *See* Dkt. 10, Trust Agreement, at 51. Finally, the agreements provided that the Funds may seek to arbitrate disputes or disagreements concerning delinquent payments owed by Respondent to the Funds. *See id.* at 52.

On December 21, 2017, the Funds sent a notice of arbitration to Respondent. *See* Dkt. 10-1 at 20-21. According to the Funds, Champion had breached its contractual obligations in three separate ways: (1) by failing to make fringe benefit payments and other contributions to the Funds from June 1, 2016 through July 31, 2016 and March 1, 2017 through June 30, 2017; (2) by failing to pay interest on late fringe benefit payments made from September 1, 2015 through November 30, 2015; and (3) by failing to make its books and records available for review from August 3, 2015 through September 5, 2017. *See id.*

On December 24, 2017, the arbitrator, Joseph A. Harris, sent an arbitration scheduling letter to the Defendant via two e-mail addresses, to which he received no reply. *See* Dkt. 1, Arbitration Award, at 10-11. On January 18, 2018, the arbitration proceeded as scheduled. *See id.* at 11. No one appeared on Respondent's behalf. *See id.*

On January 30, 2018, the arbitrator issued an award (the "Award") in favor of Petitioners. *See id.* at 12. The arbitrator found that Respondent owed delinquent contributions of $71,318.04, interest for late payments of $585.87, attorney's fees of $500, and arbitrator fees of $1,100. *See id.* As a result, he ordered Respondent to pay to the Funds a total of $73,503.91. *See id.* The arbitrator also ordered Respondent to "promptly make its books and records available to accountants appointed by the Funds." *Id.*

On January 29, 2019, Petitioners brought this petition, seeking an order confirming the award and granting judgment in the amount of $73,503.91, with post-judgment interest at the statutory rate. *See* Pet. ¶ 22. The Court ordered Respondent to file any opposition by March 11, 2019. *See* Dkt. 6. Respondent did not do so.

## STANDARD OF REVIEW

"Arbitration awards are not self-enforcing"; instead, "they must be given force and effect by being converted to judicial orders by courts." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (alteration and internal quotation marks omitted). Under the Federal Arbitration Act, any party to an arbitration proceeding may apply for a judicial decree confirming the award, which a court must grant unless the award is vacated, modified, or corrected. 9 U.S.C. § 9. In most cases, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks and citation omitted).

"The role of a district court in reviewing an arbitration award is 'narrowly limited' and 'arbitration panel determinations are generally accorded great deference under the Federal Arbitration Act.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 103 (2d Cir. 2013) (alteration omitted) (quoting *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d

3

16, 19 (2d Cir. 1997)). Such deference promotes the "twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *Telenor Mobile Commc'ns AS v. Storm LLC*, 584 F.3d 396, 405 (2d Cir. 2009). "[T]here is no general requirement that arbitrators explain the reasons for their award, and [] an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) (internal quotation marks and citation omitted).

"[A] district court should treat an unanswered [] petition to confirm/vacate [an arbitration award] as an unopposed motion for summary judgment." *D.H. Blair*, 462 F.3d at 110. Summary judgment is appropriate where the movant shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, even when a summary judgment motion is unopposed, the Court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." *D.H. Blair*, 462 F.3d at 110 (internal quotation marks omitted).

## DISCUSSION

Petitioners argue that they are entitled to confirmation of the arbitration award and post-judgment interest at the statutory rate. The Court agrees.

### A. The Arbitration Award

First, Petitioners have presented undisputed evidence that arbitration was appropriate here. Respondent was bound by the "Mason Tenders District Council of Greater New York Master Independent Collective Bargaining Agreement, 2014-2017 (the "CBA")," signed by the company's president, which obligated it to make various benefit payments to the Funds. *See* Dkt. 10, CBA, Art. VI; *see id.* at 45. In turn, the CBA bound Respondent to a separate Trust Agreement,

4

*see id.* § 15(i), which provides for the Funds to have discretion to bring arbitration proceedings against employers who are delinquent in making such payments, *see id.* at 52, Trust Agreement, § 9.8.

Second, there is no dispute that the arbitrator acted within the scope of his authority. The arbitration procedures and rules provide that the arbitrator shall issue a "final" award between the Funds and an employer involving any "claims by the Fund for Delinquent Contributions [] that are referred to arbitration pursuant to the Trust Agreement." Dkt. 10-1 at 3, 5. Moreover, the arbitrator may award "interest, liquidated damages and attorney's fees and costs." *Id* at 5.

Here, Petitioners have submitted undisputed evidence, including a notice of the arbitration hearing and the Award itself, demonstrating that the arbitrator complied with the relevant agreements by focusing only on issues addressed in the agreements—namely, Respondent's delinquent payments and its failure to make its books and records available to the Funds. Petitioners have also submitted undisputed evidence, as noted above, that the award of damages was appropriate. This evidence thus establishes that the arbitrator did not exceed the scope of his authority in rendering the Award. *See, e.g., Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Best Falcon Constr. Inc.*, No. 18 Civ. 2997 (KPF), 2018 WL 6200041, at *4 (Nov. 27, 2018) (the arbitrator did not exceed the scope of its authority where, "[p]ut simply, [it] properly construed and applied the CBA when it issued the Award").

The amount Respondent owes the Funds is also undisputed. The Award states that the arbitrator received into evidence work records and delinquency payment reports for the periods at issue, *see* Arbitration Award at 11, the former which are also included in Petitioners' exhibits, *see* Dkt. 10-1 at 23-56. After reviewing and considering this evidence, the arbitrator concluded that Respondents owed $73,503.91 to the Funds. *See* Arbitration Award at 12. There is no evidence

to suggest that this amount is incorrect. Nor is there any evidence suggesting that the auditor's accounting methods are unsound.

Finally, the arbitrator properly ordered Respondent to "make its books and records available to accountants appointed by the Funds." *Id.* As made clear by the CBA and the Trust Agreement, which the arbitrator was given the power to enforce, Respondent was required to provide its books and records for inspection by the Funds. *See* CBA at 19 § VI ¶ 17(a); Trust Agreement at 38-39 ¶ 9.6(b), 9.7; *see Trs. of Empire State Carpenters Annuity, Apprenticeship, Labor-Management Cooperation, Pension and Welfare Funds v. Overhead Door Co. of Eerie Cty.*, No. 12-CV-5652 (JS)(WDW), 2013 WL 4807087, at *6 (E.D.N.Y. Sept. 9, 2013) (granting the arbitrator's determination that the defendant must produce its books and records for an audit where "[t]he arbitrator's rationale for that award can readily 'be inferred from the facts of the case'") (quoting *Sobel v. Hertz, Warner & Co.*, 469 F.2d 1211, 1216 (2d Cir. 1972)).

### B. Post-judgment Interest

Petitioners also seek post-judgment interest at the statutory rate. *See* Pet. at 8. The Court grants this request as well. *See* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court," and "shall be calculated from the date of the entry of the judgment.").

## CONCLUSION

For the foregoing reasons, the petition to confirm the arbitration award is granted. The Clerk of Court is directed to enter judgment in the amount of $73,503.91, plus post-judgment interest at the statutory rate. Respondent shall also make its books and records available to

accountants appointed by the Funds.

The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

Dated:    July 10, 2019
           New York, New York

Ronnie Abrams
United States District Judge